Argued March 16, affirmed April 5, 1927.

## ALBANY STATE BANK *v.* ERNEST E. ANTHONY.

### (254 Pac. 806.)

**Reformation of Instruments—Mistake in not Substituting New Firm's Name for Its Predecessor's in Contract on Blank Form Held Properly Corrected.**

1. Mistake in not striking printed name of original firm from contract on blank form and inserting name of its successor, *held* properly corrected.

**Bills and Notes—Instrument Requiring Purchaser to Keep Property in Good Condition and Insured Held not Negotiable, so as to Foreclose Defenses Against Indorsee Before Maturity (Or. L., §§ 7793, 7797).**

2. Instrument requiring purchaser to keep property in good condition and insured, as well as to pay money therefor, *held* not a negotiable instrument, under Sections 7793, 7797, Or. L., so as to foreclose his right to urge proper defenses against indorsee before maturity without knowledge of any defense.

**Sales—Mere Notification That Tractor Did not Work, and to Come and Get It, is not Sufficient Tender to Warrant Rescission of Contract.**

3. Mere notification to seller that tractor did not work, and to come and get it, is not a tender sufficient to satisfy requirement for rescission of contract.

**Sales—Breach of Warranty of Tractor's Fitness to Do Work for Which Purchased Held not Established by Preponderance of Evidence.**

4. In action for price of tractor, defense of breach of warranty of fitness to do work for which purchased *held* not established by

———

2. See 3 R. C. L. 915.

preponderance of evidence, in view of evidence that it worked well when plaintiff sent men to attend to it.

**Evidence—It is Common Knowledge That Only Skilled Person can Run Farm Tractor Successfully.**

5. It is a matter of common knowledge that it requires a skilled person to run a farm tractor successfully.

**Sales—Consideration for Purchase of Tractor, not Absolutely Worthless, has not Failed While Buyer Retains Possession.**

6. Consideration for purchase of tractor has not failed while buyer retains possession, unless it is absolutely and entirely worthless.

---

Bills and Notes, 8 **C. J.**, p. 125, n. 8, 9, p. 126, n. 10, p. 391, n. 81.
Evidence, 23 **C. J.**, p. 59, n. 22.
Reformation of Instruments, 34 **Cyc.**, p. 934, n. 25.
Sales, 35 **Cyc.**, p. 421, n. 58, 59, p. 573, n. 75.

---

From Benton: G. F. SKIPWORTH, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Arthur Clarke* and *Mr. L. G. Lewelling.*

For respondent there was a brief over the name of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. J. R. Wyatt.*

BURNETT, C. J.—After some negotiations, the defendant made, executed and delivered to a corporation known as the "Highway Garage, Inc.," the following instrument:

"$1700.00        Albany, Oregon, Oct. 5, 1920.

"For value received I promise to pay to Highway Garage, Inc., or order Seventeen hundred and no-100 Dollars, in Gold Coin of the United States of America, with interest thereon in Like Gold Coin at the rate of 8 per cent per annum from date until paid, together with the full amount of interest due on this

---

6. See 24 **R. C. L.** 293.

note at time of payment of each installment payable
as follows: The total amount to be paid on or before
June 30, 1921, if any of said installments are not so
paid, the whole sum of both principal and interest to
become immediately due and collectible at the option
of the holder hereof. And in case suit or action is in-
stituted to collect this note or any portion thereof,
I promise to pay such additional sum as the court
may adjudge reasonable as attorney's fees in said
suit or action.

"This contract is given upon and for the sole con-
sideration that ROUSSEAU & ARCHIBALD, hereinafter
referred to as the second party, has agreed that upon
the payment of the sum above mentioned, as above
set forth, time being of the essence hereof, the second
party will sell, transfer, and deliver unto the under-
signed, the following described personal property, to-
wit:

"1 Model C Allwork Tractor No. 1840, with exten-
sion rims, which said property has been entrusted to
the care of the undersigned. It is expressly agreed
that said property so entrusted is the property of the
second party, and shall remain so until the second
party shall make the aforesaid sale and transfer,
after all payments shall have been made, as above
provided. The undersigned hereby agrees to keep
said property in good repair and condition, and to
take the best care of the same, keeping it insured in
favor of the said second party or his assigns, in a
sum sufficient to cover his interest therein at all times.
In case of default in the payment of any account due
as above provided, or in case the undersigned shall
part with the possession of said personal property,
the said second party or his assigns, shall have the
right, at their option, to the immediate possession
thereof, and to retain all sums previously paid, as
the agreed and reasonable rental for the use of said
personal property by the undersigned, and this con-
tract shall then terminate and end upon the retaking
possession of said personal property by the said sec-
ond party, or his assigns. It is, however, understood,

that upon the failure of the undersigned to make said payments promptly as hereinbefore provided the second party, or their assigns shall have the option as to whether they shall receive back said personal property and shall have the right and power to determine whether they shall insist upon the payment of the full sum, as hereinbefore provided, and to decline to receive back said personal property, in which event, the undersigned is to be liable for the full sum hereinbefore agreed to be paid.

"No. 6791.

"ERNEST E. ANTHONY.

"84c U. S. I. R. Stamps cancelled."

1. The Highway Garage, Inc., indorsed this document to the plaintiff within a week after its execution. This suit was instituted to correct a mistake in the instrument by changing the words "Rousseau & Archibald," in the second paragraph, to "Highway Garage, Inc." There seems to be no question about the correction. The mistake is explained thus: The original firm in the business at that location was Rousseau & Archibald, a partnership, and had for such transactions as here involved a blank contract in which the firm name was printed. The matter here in issue was conducted by the Highway Garage, Inc., successor to the old firm, and, in writing up the contract, the original firm name was erased at the beginning but not disturbed in the body of the instrument. There seems to be no dispute on that subject and the correction of the mistake was properly allowed.

The incorporation of the Highway Garage and of the plaintiff bank is admitted. The defendant sets up three defenses. One is that the real agreement was that the Highway Garage, Inc., called for convenience the company, was to sell for the defendant a threshing outfit, which he owned, for the sum of $2,700,

deduct therefrom $1,700 and pay him the balance of $1,000 and deliver to him as his property an Allwork tractor, such as here involved, but having failed to sell the thresher, the defendant tendered to the company a return of the tractor which he had received. The second defense is to the effect that, in negotiating for the purchase of the machine, the defendant informed the company that it was to be used in plowing on his farm in Benton County and operating a clover huller; that the company fully warranted it to do that work but after the defendant took possession of it, it transpired that it was not adapted for and would not perform that service, whereupon the defendant tendered a return of the tractor as before stated. The third defense is to the effect that in the negotiations the company represented to the defendant that it was necessary for him to sign an order for the tractor which would be filed in the office of the company and returned to the defendant when the company had received the $2,700 out of the proceeds of the sale of defendant's threshing outfit and that, relying upon this promise to retain the order in its possession, the defendant signed the instrument first hereinbefore mentioned, but that in violation of its promise, the company sold the same to the plaintiff. The prayer of the answer is for the dismissal of plaintiff's complaint and for defendant's costs and disbursements. The first two defenses say that the receipt of the tractor was the only consideration for the defendant's execution of the instrument sued upon and that it has wholly failed.

2. One question raised at the hearing was whether or not this was a negotiable instrument. The plaintiff contends that it is negotiable and that having been acquired by it before maturity without knowledge of

any defense thereto, the right of the defendant to urge his defenses mentioned in his answer is foreclosed. The Circuit Court was of the opinion that the instrument was negotiable and that the defenses urged were cut off.

A negotiable instrument is defined by Section 7793, Or. L., thus:

"An instrument to be negotiable must conform to the following requirements: (1) it must be in writing and signed by the maker or drawer; (2) must contain an unconditional promise or order to pay a sum certain in money; (3) must be payable on demand, or at a fixed or determinable future time; (4) must be payable to order or to bearer; and (5) where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

Section 7797, Or. L., reads as follows:

"An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable; but the negotiable character of an instrument otherwise negotiable is not affected by a provision which (1) authorizes the sale of collateral securities in case the instrument be not paid at maturity; or, (2) authorizes a confession of judgment if the instrument be not paid at maturity; or, (3) waives the benefit of any law intended for the advantage or protection of the obligor; or, (4) gives the holder an election to require something to be done in lieu of payment of money. But nothing in this section shall validate any provision or stipulation otherwise illegal."

Tested by the opening clause of this latter section, the instrument in question is not negotiable for, among other things in addition to the payment of the money, the defendant agreed by the terms of the contract "to keep said property in good repair and con-

dition, and to take the best care of the same, keeping
it insured in favor of the second party or his assigns,
in a sum sufficient to cover his interest therein at all
times." It was expressly agreed by the instrument
that the tractor is the property of the Highway
Garage, Inc., and should remain so until payment was
made for the same. Clearly, the care and insurance
of the tractor constituted something in addition to the
payment of money and made the instrument not ne-
gotiable. Proper defenses, therefore, are admissible
against the holder of the instrument as it stands in no
better plight than the original payee in respect to a
non-negotiable instrument.

3-5. The question is whether the defense as inter-
posed has been established by a preponderance of the
evidence. It appears in the testimony that the de-
fendant has a farm in Benton County. One of his
brothers has another in Linn County and, at his re-
quest, delivery was made to the defendant and he took
possession of the tractor on his brother's Linn
County farm. The company set it at work there and
it seems that the defendant failed to make it work
well but did not return it to the company. He took it
through Albany, where the company's place of busi-
ness is located, and tried to work it on his own farm
in Benton County but failed. He says he ran it up
by the side of his barn and notified the company to
come and get it, but no other effort to make tender
appears in the record.

The principal complaint about the tractor is that
after it got cold it was very difficult to start it in
operation and that even when started it was not
powerful enough to pull three 14-inch plows or to
operate the defendant's clover huller.

A review of the testimony piece by piece and its quotation at length would not add anything to judicial knowledge in the state, as it involves only a question of fact. We are impressed with the correctness of the findings of the Circuit Court on the facts and are satisfied that the defendant has not made out by a preponderance of the testimony either of his several defenses. A mere notification that the tractor did not work and for the company to come and get it is not a tender sufficient to satisfy the requirements of a rescission of the contract. A careful reading of the testimony indicates that the defendant was not competent to operate the tractor as it should be. When the company sent a man to attend to that task the machine worked well but when left to the defendant it was defective in performance. He has not shown by a preponderance of the evidence that the fault was with the machine. It was not pretended that it was automatic in its operation. It is a matter of common knowledge that it requires one skilled in such matters to run a machine of that kind successfully.

6. In brief, the situation is this: The defendant has the tractor. He has not returned it to the concern from which he bought it. His consideration has not failed while he retains possession of the machine unless it is absolutely and entirely worthless. That this condition is not true is established by the fact that the employees of the company made it operate very well. On the whole case, the decree of the Circuit Court is affirmed.                    AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.